# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN DOE, and**
**JANE DOE, a minor,**

        Plaintiff,

        -vs-                                    Case No. 14-CV-1392

**MICHAEL THURMER, et al.,**

        Defendants.

## DECISION AND ORDER

Clarence M. Easterling, a Wisconsin state prisoner, filed a civil rights action under 42 U.S.C. § 1983 on behalf of himself and his minor daughter, who is not incarcerated. This matter is before the Court for screening of the the amended complaint (ECF No. 15), on plaintiffs' motions for leave to proceed *in forma pauperis* (ECF Nos. 3, 4), on plaintiffs' motions to appoint next friend to represent a minor and for the appointment of counsel (ECF No. 5), and on various other motions, many of which request the Court to seal filed documents (ECF Nos. 9, 12, 14, 17, 18, 19).

<u>Jane Doe</u>

As a threshold matter, the Court must assess whether Easterling can bring this suit *pro se* on behalf of his daughter. He cannot. In federal

court, a child must be represented by a competent adult, ordinarily a parent or relative, and that adult must have counsel. *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (noting that "a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party") (citations omitted). "This rule is designed to protect the interests of the minor party; in addition, it 'jealously guards the judiciary's authority to govern those who practice in its courtrooms.'" *Id.* (quoting *Myers v. Loudoun County Pub. Schs.,* 418 F.3d 395, 400 (4th Cir. 2005)).

As such, because Easterling has no authority to bring suit on his minor daughter's behalf, the Court will dismiss plaintiff Jane Doe without prejudice. In light of her dismissal, the Court will deny as moot Jane Doe's motion for leave to proceed *in forma pauperis*, which was brought on her behalf by Easterling. (ECF No. 4.) In addition, the Court will deny Easterling's motion to appoint him as next friend to represent Jane Doe. (ECF No. 5.) Appointing Easterling as next fried for Jane Doe would achieve nothing because, without counsel, Easterling may not bring suit on her behalf and therefore the designation as next friend would serve no purpose.

- 2 -

Sealed Documents

Easterling has filed this case under seal, although why is not entirely clear to the Court. General Local Rule 79(d) requires a party to provide good cause for withholding material from the public record. Easterling has not done this. Presumably, Easterling desires to protect the identity of his daughter, and in an effort to do so, has filed both "redacted" and "sealed" documents with the Court. The redacted documents use "John Doe" and "Jane Doe" in place of the names of Easterling and his daughter, while the sealed documents contain their full names. It appears that concealing their names is the only aspect of the filings that Easterling desires to keep from public disclosure.

Federal Rule of Civil Procedure 5.2(a) requires that any filing with a court that contains the name of a minor include the minor's initials in place of the minor's name. Taking such steps is sufficient to protect the identity of Easterling's daughter; it is not also necessary to seal the document or use pseudonyms. Thus, going forward, the Court orders Easterling to comply with Fed. R. Civ. Pro. 5.2(a), and use his daughter's initials in place of her name.

It is also unclear why Easterling believes he should proceed pseudonymously. While the Court requires that a minor's identity be

protected, secrecy in judicial proceedings, including concealing a party's name, is generally disfavored. *Mueller v. Raemisch*, 740 F.3d 1128, 1135 (7th Cir. 2014). "Secrecy makes it difficult for the public (including the bar) to understand the grounds and motivations of a decision, why a case was brought (and fought), and what exactly was at stake in it." *Id.* at 1135-36. Easterling has not offered any reasons why these general principles are overridden in this case. As such, Easterling may not proceed pseudonymously, this case will be unsealed, and Easterling's motions seeking to seal various documents (ECF Nos. 9, 12, 14, 17, 18, 19) will be denied. (In most cases, Easterling filed both a redacted version (using pseudonyms) and a sealed version (using full names); documents that contain the full name of Easterling's daughter will remain sealed to protect her identity).

## Easterling's Motion to Proceed *in Forma Pauperis*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On November 13, 2014, the Court assessed an initial partial filing fee of $5.26. Easterling paid that fee on November 24, 2014. Accordingly, the

- 4 -

Court grants Easterling's motion to proceed *in forma pauperis*. (ECF No. 3.)

## Screening of Easterling's Amended Complaint

On November 3, 2014, Easterling filed a complaint on behalf of himself and his daughter. (ECF No. 1.) On November 20, 2014, Easterling filed a motion to amend/correct the complaint. (ECF No. 15). The Court will grant Easterling's motion, although the Court notes that pursuant to Rule 15(a)(1), Easterling was authorized to file an amended complaint as a matter of course, without the Court's permission.

Federal law requires the Court to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff

- 5 -

does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then

- 6 -

Case 2:14-cv-01392-PP   Filed 06/15/15   Page 6 of 18   Document 20

determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

<u>Easterling's Allegations</u>

Easterling is currently incarcerated in the Wisconsin Secure Program Facility (WSPF). He is suing Michael Thurmer, Deputy Warden at Waupun Correctional Institution (WCI) from 2006-2012; Phillip Kingston, Warden at WCI from 2004-2005; Pamela Fuller, in charge of visitation requests at WCI from 2004-2005; Debra Adams, Easterling's probation and parole agent from 2013-2014; Jane Doe, Easterling's probation and parole agent from 2004-2005; Matthew Frank of the Wisconsin Department of Corrections (DOC) from 2004-2007; Richard Raemisch of the Wisconsin DOC from 2004-2011; Tim Haines, Warden at WSPF from 2013-2014, Edward Wall of the Wisconsin DOC from 2011-2014, Cindy O'Donnell of the Wisconsin DOC from 2012-2014, and

- 7 -

Unknown Defendants 1-10. The plaintiff seeks injunctive relief, declaratory relief, and monetary damages, including punitive damages.

According to the amended complaint, Easterling was convicted of fourth degree sexual assault in 1998. He was a nineteen-year-old senior in high school. Easterling was sentenced to ten days in the county house of corrections and was ordered fifty days of house arrest, two years probation, and a stayed sentence of nine months. The sentencing court did not order sex offender treatment, nor did it issue an order directing Easterling to have no contact with minors. In fact, while on probation, Easterling continued to attend high school and eventually graduated in June 1998. Easterling states that he is not a "sex offender" as defined by the Wisconsin state statutes.

In 2001, Easterling was charged with armed robbery and false imprisonment. In 2002 he was sentenced to forty years in prison, with twenty-five years initial confinement.

Easterling's daughter was born in 2001, after he was arrested, but before he was sentenced to prison. On February 1, 2002, Easterling was granted joint custody of his daughter, with the right of visitation. According to Easterling, this right of visitation extends to visitations while Easterling is incarcerated.

In 2002, during his prison intake assessment and evaluation at Dodge Correctional Institution, staff told Easterling that he needed prison sex offender treatment (SOT) for his past misdemeanor conviction for sexual assault. Specifically, they required Easterling to take only phase II of the SOT program. Easterling was placed on the DOC's prison SOT program waiting list.

Per DOC policy, SOT typically lasts four years, and is started as an inmate approaches his release date. Easterling has never been offered SOT; he has been on the SOT program waiting list for twelve years. Easterling alleges that, based on his sentence, he will not be eligible to participate in SOT until he has served approximately twenty years.

On August 1, 2003, Easterling was transferred from Dodge to WCI. A little over a year later, Easterling's daughter, through her mother, requested visitation with Easterling. Easterling alleges that Fuller, Kingston, and Jane Doe (his probation and parole agent from 2004-2005) denied the request for visitation and falsely alleged that Easterling would sexually abuse his daughter if visitation was allowed. Easterling claims that he filed an inmate grievance, but Thurmer dismissed the complaint and upheld the denial of visitation. This dismissal was appealed to defendant Raemisch, who also upheld the denial of visitation.

Easterling wrote a letter to Kingston, asking if he would ever be allowed a visit from his daughter. Kingston responded that a visit would be allowed only after completion of recommended programming. Easterling has four programs recommended in his file: Vocational, anger management, SOT, and cognitive intervention. (Easterling does not specify whether the three programs other than SOT have been offered or taken; however, he clarifies in his complaint that it is only the requirement that he take SOT that is preventing him from being allowed to visit with his daughter.)

Easterling states that since Kingston's response, he has requested to be enrolled in a SOT program, but his requests go unanswered because he is not close to release from prison and therefore is not eligible to participate. On May 13, 2013, Easterling asked Adams and Haines, his parole agent and the Warden at WSPF, respectively, whether he would ever be allowed visits with his daughter. Both defendants responded that no visitations would be allowed until Easterling completes the SOT program. Easterling filed a grievance, but Haines denied it, which was upheld by O'Donnell.

Easterling alleges that he has continuously made requests that his daughter be allowed to visit, but these requests have been continuously

- 10 -

Case 2:14-cv-01392-PP   Filed 06/15/15   Page 10 of 18   Document 20

denied. Such denials have extended to contact visitations, noncontact visitations, and televisit visitations, which allows DOC staff to monitor a visit from a remote location and electronically terminate the visit at the staff's discretion. Easterling states that he loves his daughter and will not harm her if she is allowed to visit.

## Discussion

Easterling has an important interest in maintaining a relationship with his daughter; however, "denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence." *Stojanovic v. Humphreys*, 309 Fed.Appx. 48, 50-51 (7th Cir. 2009) (citations omitted). "When balancing the interest in maintaining family relations with the reduction in liberty required by confinement, the Constitution allows prison officials to impose reasonable restrictions upon visitation, even visitation with family members." *Id.* at 51.

The Court finds that Easterling's complaint arguably states a claim that defendants Thurmer, Kingston, Fuller, Adams, Jane Doe (Easterling's probation and parole agent from 2004-2005), Raemisch, Haines, and O'Donnell unreasonably denied him visitation with his

daughter in violation of Easterling's constitutional right to maintain a relationship with her.

However, Easterling has not stated a claim against defendants Frank or Wall. These defendants are each mentioned only one time in Easterling's complaint, when he concludes that each one "knew about the denial of Easterling and [A.N.'s] request for visitation with each other and had the authority to grant visitation, but chose not to authorize visitation." Easterling does not allege that he or anyone else informed Frank or Wall about the visitation denials. Regardless, even if Easterling had written them letters informing them of the denials, there is no indication in Easterling's complaint that Wall or Frank were personally involved in the decision to deny visitation. Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009); *see George v. Smith*, 507 F.3d 605, 609 (7th Cir.2007). Apparently, Easterling faults Frank and Wall for not overruling the visitation denials, but top-level administrators are entitled to delegate to others the responsibility for specific prison functions. As such, Frank and Wall are dismissed.

Finally, Easterling has made no allegations against Unknown Defendants 1-10, so they will be dismissed as well.

### Easterling's Motion for Counsel

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, a person has to make a reasonable effort to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a plaintiff can demonstrate he has made a reasonable effort to hire counsel on his own by providing the court with the names of at least three attorneys he tried to contact, along with the dates of the attempted contact.

After a plaintiff demonstrates he has made a reasonable attempt to hire counsel, the court will decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Easterling has not demonstrated that he has made a reasonable attempt to hire counsel on his own, so the Court will deny without

prejudice his request for counsel. Regardless, even if Easterling had provided evidence of a reasonable effort to hire counsel on his own, the Court would still deny his motion. Easterling claims that the issues in his case are complex and that he has inadequate access to the law library to research and address them. Easterling's filings to date have been incredibly detailed and have cited to current and relevant case law in support of his theories. His filings are comprehensive, well organized, and easy to understand.

The Court has no doubt that Easterling is capable of conducting discovery to seek relevant documents (Fed. R. Civ. Pro. 34) and asking defendants to answer interrogatories (Fed. R. Civ. Pro. 33). In addition, Easterling is well qualified to present his version of the events by using an affidavit or unsworn declaration under 28 U.S.C. § 1746 in response to any motion for summary judgment that defendants may file.

Given the relatively narrow scope of this case and the type of evidence that Easterling will need to present his claims, as well as his ability to communicate effectively, the Court is confident that Easterling is currently capable of proceeding on his own.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Jane Doe (A.N.) is **DISMISSED** as a plaintiff.

**IT IS FURTHER ORDERED THAT** Jane Doe's motion to proceed *in forma pauperis* (ECF No. 4) is **DENIED**.

**IT IS ALSO ORDERED THAT** Jane Doe's and Easterling's motion to appoint next friend, motion to appoint counsel (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Easterling's motion to proceed in forma pauperis (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Easterling's motion to amend/correct the complaint (ECF No. 15) is **GRANTED**, and attachment number 2 to the motion (Proposed Redacted Amended Complaint) will be the operative complaint in this matter.

**IT IS ALSO ORDERED THAT** Easterling may not proceed pseudonymously in this action and that, going forward, Easterling's daughter will be referred to by her initials, as required by Federal Rule of Civil Procedure 5.2(a).

**IT IS FURTHER ORDERED THAT** this case will be unsealed, and motions seeking to seal documents (ECF Nos. 9, 12, 14, 17, 18, 19) will

be **DENIED**, except those documents that use the full name of Easterling's daughter will remain sealed. The caption will be adjusted accordingly.

**IT IS ALSO ORDERED THAT** defendants Frank, Wall, and Unknown 1-10 are **DISMISSED**.

**IT IS FURTHER ORDERED THAT** pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Easterling's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendants Thurmer, Kingston, Fuller, Adams, Jane Doe (Easterling's probation and parole agent from 2004-2005), Raemisch, Haines, and O'Donnell.

**IT IS ALSO ORDERED THAT** Easterling's motion to appoint a process server (ECF No. 7) is **DENIED** as moot.

**IT IS FURTHER ORDERED THAT**, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the defendants shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS ALSO ORDERED THAT** the Secretary of the Wisconsin Department of Corrections or his designee shall collect from Easterling's prison trust account the $344.74 balance of the filing fee by collecting

- 16 -

monthly payments from Easterling's prison trust account in an amount equal to 20% of the preceding month's income credited to Easterling's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED THAT** copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS ALSO ORDERED THAT**, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if Easterling is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Easterling is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**