# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CLARENCE M. EASTERLING,**

    Plaintiff,

    -vs-                                      Case No. 14-CV-1392

**MICHAEL THURMER, et al.,**

    Defendants.

# DECISION AND ORDER

Clarence M. Easterling, a Wisconsin state prisoner, filed an action under 42 U.S.C. § 1983. Originally, the plaintiff sought to bring this action on behalf of himself and his minor daughter, but the Court dismissed his daughter as a plaintiff. This case is currently before the Court on the plaintiff's motion to seal three previously filed exhibits.

The plaintiff initially attempted to bring the entire action under seal; however, the Court unsealed the case based on the long-standing tradition that litigation should be open to the public. Prior to this decision, the plaintiff had filed a combined motion asking the Court to appoint counsel to represent him and also to appoint him as next friend to represent his minor daughter ("Combined Motion"). (ECF No. 5.) The plaintiff filed twelve exhibits in support of his Combined Motion.

On June 15, 2015, the Court denied the plaintiff's Combined Motion because the plaintiff is currently capable of proceeding on his own without the assistance of counsel and, given that he continues to proceed *pro se*, the plaintiff lacks the authority to bring suit on his minor daughter's behalf, so appointing him as next friend to represent her would serve no purpose. (ECF No. 20, at 2.)

On June 29, 2015, the plaintiff filed a motion asking the Court to re-seal three of the twelve exhibits previously filed in support of his Combined Motion (ECF No. 6, Exs. 5-7) because "all are records that contain material of a sensitive nature dealing with past childhood trauma and also contain information that is highly embarrassing, as well as childhood school records." (ECF No. 23, at 1.)

Courts routinely encounter and reject requests to seal proceedings based only on a party's preference for seclusion. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (citing references omitted). As noted by the Seventh Circuit, "Many a litigant would prefer that the subject of the case . . . be kept from the curious . . ., but the tradition that litigation is open to the public is very long standing. *Id.* at 567. Judicial proceedings are public, rather than private, affairs, and when people call on the courts, they must accept the openness that goes with those proceedings. *Id.* at 568;

see *United States v. Foster*, 564 F.3d 852, 854-55 (7th Cir. 2009) (emphasizing that a preference for secrecy or to avoid embarrassment are not sufficient bases for sealing filings).

However, courts also recognize that this required openness need apply only to those documents that influence or underpin judicial decisions. *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002) (noting that, "Secrecy is fine at the discovery stage, before the material enters the judicial record"). In fact, the Seventh Circuit has encouraged parties to prevent the disclosure of unnecessary, sensitive information by paring down the appellate record and requesting that the appellate court send sensitive documents back to the parties. *Id.* at 548.

Here, the plaintiff has not established that good cause exists for placing these three exhibits under seal. They do not contain trade secrets or disclose information that would lead to retaliation against an informant, nor is the information therein protected by a statute or privilege. *See Foster*, 564 F.3d at 854. That said, the Court acknowledges it did not rely on these three exhibits when deciding the plaintiff's Combined Motion. As such, the value of these documents to the public is low. Viewing them would not give the public insight into the Court's decision-making process, nor would it, at this point in the case, provide the public with meaningful information about

issues in the case. In short, there is no compelling reason to require the plaintiff to suffer the embarrassment of public disclosure.

With that in mind, the Court will allow the plaintiff to withdraw these three exhibits, and they will no longer be part of the official record. This decision does not impact either party's right to rely on these documents in the future should a party find it necessary to do so in order to support arguments that may develop as the case proceeds.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion "Requesting Order to Have Exhibits within Plaintiff's Motion Requesting Appointment of Counsel Placed under Seal" is **DENIED**. However, Exhibits 5-7 to the plaintiff's "Motion and Memorandum of Law in Support of Motion Seeking the Court's Assistance in Recruiting Counsel and Appointing Next Friend to Represent a Minor" (ECF No. 6, Exs. 5-7) are **WITHDRAWN** and are no longer part of the official record.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2015.

                                            **BY THE COURT:**

                                            */s/ Rudolph T. Randa*
                                            **HON. RUDOLPH T. RANDA**
                                            **U.S. District Judge**