# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CLARENCE M. EASTERLING,**

    Plaintiff,

    -vs-                              Case No. 14-CV-1392

**MICHAEL THURMER, et al.,**

    Defendants.

## DECISION AND ORDER

Clarence M. Easterling, a Wisconsin state prisoner, filed an action under 42 U.S.C. § 1983. This case is currently before the Court on the plaintiff's motions to appoint counsel and to seal filed exhibits.

On June 15, 2015, the Court denied the plaintiff's motion seeking the appointment of counsel. The Court explained that the plaintiff's filings to date were detailed and cited to current and relevant case law in support of his arguments. The filings were comprehensive, well organized, and easy to understand. The Court decided that the appointment of counsel was unwarranted because Easterling was capable of conducting discovery to seek relevant documents, of asking defendants to answer interrogatories, and of presenting his version of the events by using an affidavit or unsworn declaration under 28 U.S.C. § 1746 in response to any motion for summary judgment that defendants might file.

On August 24, 2015, the plaintiff renewed his request for the appointment of counsel. The plaintiff's renewed request focuses on the difficulties he anticipates in proceeding on his own based on the "psychological problems Easterling has been experiencing as a result of the Defendants' false allegations and the decade long denial of visitation with his daughter." (ECF No. 34 at 2.) The Court is not persuaded by the plaintiff's arguments. While the Court is sympathetic to the plaintiff's desire to be represented by counsel, it notes that *all pro se* plaintiffs desire to have the assistance of counsel, and there simply are not a sufficient number of lawyers who are willing and able to assist in these types of cases. As such, a court must evaluate the complexities of a case and a plaintiff's capacity to handle those complexities.

Here, as stated in its June 15, 2015 order, the Court believes that the plaintiff is capable of proceeding on his own during these initial stages of litigation. The scope of the case is relatively narrow and the plaintiff's ability to communicate and present his arguments appears to be quite advanced. If the limited access to the law library proves to be a problem, the plaintiff may ask for additional time, and the Court will generously consider such requests. The Court will deny the plaintiff's motion for the appointment of counsel at this time.

The plaintiff also filed a motion asking that Exhibits 2, 3, and 4, filed in support of his motion seeking the appointment of counsel, be placed under seal.

The plaintiff explains that the records contain sensitive material that would be highly embarrassing if made publicly available.

Courts routinely encounter and reject requests to seal proceedings based only on a party's preference for seclusion. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (citing references omitted). As noted by the Seventh Circuit, "Many a litigant would prefer that the subject of the case . . . be kept from the curious . . ., but the tradition that litigation is open to the public is very long standing. *Id.* at 567. Judicial proceedings are public, rather than private, affairs, and when people call on the courts, they must accept the openness that goes with those proceedings. *Id.* at 568; see *United States v. Foster*, 564 F.3d 852, 854-55 (7th Cir. 2009) (emphasizing that a preference for secrecy or to avoid embarrassment are not sufficient bases for sealing filings).

The plaintiff has not established that good cause exists for placing these three exhibits under seal. They do not contain trade secrets or disclose information that would lead to retaliation against an informant, nor is the disclosure of these documents prohibited by a statute or privilege. *See Foster*, 564 F.3d at 854. The plaintiff has chosen to file these documents of his own accord. They were not disclosed without his permission or knowledge; he affirmatively decided to place them in the record. Given that the plaintiff chose

to rely on these documents in a case that he knows is not sealed, the Court will not agree to keep these documents from the public's view.[1]

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's second motion seeking the Court's assistance in recruiting counsel (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDRED THAT** the plaintiff's motion requesting an order to have the exhibits within the plaintiff's second motion requesting the appointment of counsel placed under seal (ECF No. 35) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2015.

                                                 **BY THE COURT:**

                                                 *[signature]*
                                                 **HON. RUDOLPH T. RANDA**
                                                 **U.S. District Judge**

---

[1] On June 30, 2015, the Court allowed the plaintiff to withdraw three documents from the record based on his assertions that disclosure of the documents to the public would be highly embarrassing. There, the Court noted that the plaintiff originally filed the documents believing that the entire case was under seal. When the Court denied the plaintiff's motion to place the case under seal, it agreed to the withdrawal of the documents because the Court did not rely on them in reaching its decision and because the plaintiff may not have filed them if he had known that the Court would not grant his motion to seal the case. Here, the plaintiff knew when he filed the documents that the case was not sealed, and the Court relied on these documents when evaluating the plaintiff's motion seeking the appointment of counsel. Thus, the public is entitled to have access to the documents.

- 4 -