# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CLARENCE M. EASTERLING,**

    Plaintiff,

    -vs-                                                             **Case No. 14-CV-1392**

**MICHAEL THURMER, et al.,**

    Defendants.

## DECISION AND ORDER

Clarence M. Easterling, a Wisconsin state prisoner, filed an action under 42 U.S.C. § 1983. This case is currently before the Court on the plaintiff's motion requesting a copy of a presentence investigation report (PSI).

On September 14, 2015, the defendants filed a motion in state court to receive a copy of the plaintiff's PSI from *State v. Easterling*, Case No. 01-CF-287. The defendants believe the PSI may be relevant to this case because the plaintiff's amended complaint claims that the defendants relied upon "false and inaccurate information" contained in the PSI to deny his request for visits with his daughter. The state court provided the PSI to the Department of Justice for use in this case and ordered that it be forwarded to the Court for further disclosure as determined by the Court.

On September 30, the plaintiff filed a motion asking the Court to give him access to the PSI. The Court ordered the defendants to respond by identifying for the Court any portions of the PSI that should not be disclosed to the plaintiff and/or the public. The defendants responded on October 28, 2015.

The defendants argue that based on Wis. Stat. § 972.15, applicable case law, and relevant public policies, the entire PSI should be kept under seal from the public and the plaintiff should be allowed to view, but not keep, an unredacted version. The plaintiff filed a reply in support of his motion on November 23, 2015, in which he argues that the PSI should be available to the public and that he should be allowed to keep a copy of the PSI for use in this lawsuit.

*1. The Public's Access*

Wisconsin law is clear that PSIs should not be public records. See Wis. Stat. § 972.15(4). These records contain information that is often unverified and would, in many cases, even if true, cause irreparable harm to individuals. *Id.* at Note—ch. 255, Laws of 1969. Not only is there highly sensitive (and perhaps inaccurate) information about the criminal defendant, but there is also detailed information about victims, family members, and in some cases (although not here) confidential informants.

Keeping PSIs confidential encourages individuals to cooperate openly and honestly in the presentence investigation process. Knowledge that such sensitive information may be released to the public could chill a person's willingness to be open and forthcoming, thus undermining the value of these reports. See *State v. Greve*, 2004 WI 69, ¶ 23, 272 Wis. 2d 444.

The Court notes that the plaintiff has sought at various times in this lawsuit to keep similar information sealed from the public so as to avoid embarrassment. (See, e.g., ECF Nos. 12, 23, 35.) It is puzzling to the Court why he now insists that this information should be available to the public. In any event, the Court concludes that based on the Wisconsin legislature's express requirement of confidentiality and the important policies upon which that requirement was based, the PSI should remain under seal from the public.

*2. The Plaintiff's Access*

With regard to a criminal defendant's access to his PSI, Wis. Stat. § 972.15(4m) states: "If the defendant is not represented by counsel, the defendant is entitled to view the presentence investigation report but may not keep a copy of the report." The statute goes on to emphasize that the defendant "shall keep the information in the report confidential." The Wisconsin Supreme Court has explained that this means a criminal

- 3 -

defendant may view the report "under conditions in which the opportunity for copying or disclosure to others is precluded." *State v. Parent*, 2006 WI 132, ¶ 44, n. 13, 298 Wis. 2d 63, 89.

The defendants point out the obvious—it seems unfair that attorneys (including a criminal defendant's attorney) are allowed to keep a copy of the PSI but a *pro se* litigant is not. However, this is exactly what the Wisconsin Legislature has decided, and it is not the role of the Court to substitute its judgment for that of the Legislature. As such, while the Court will grant the plaintiff's request that he be allowed access to the PSI, such access will have to be under the supervision of institution staff to prevent copying of the PSI. The plaintiff may not retain a copy of the PSI.

The plaintiff points out the difficulties associated with this restriction. First, he argues that he cannot comply with the Court's earlier order requiring him to identify which portions of the PSI should not be disclosed to the public. In light of the Court's ruling that no portion of the PSI shall be disclosed to the public, this is no longer an issue. Second, he argues that such a restriction will require him to memorize this lengthy report if he is to counter the defendants' arguments. The Court agrees that, should the defendants make arguments based on the PSI in a future motion, the plaintiff could be at a disadvantage having generally viewed the PSI only

one time. Accordingly, the Court will allow the plaintiff to have immediate access to the PSI to familiarize himself with its contents. In addition, in the event the defendants' rely on the PSI in a future motion, the plaintiff may request an additional opportunity to view the PSI so that he may prepare a response to such a motion. The Court understands the limitations this arrangement places on the plaintiff and will keep those limitations in mind as it evaluates the plaintiff's references to and reliance on the PSI.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's presentence investigation report (ECF No. 47) shall remain sealed.

**IT IS ALSO ORDERED THAT** within **fourteen days** of this order, the staff at the institution where the plaintiff is confined shall arrange a time during which the plaintiff may review under supervision the presentence investigation report from *State v. Easterling*, Case No. 01-CF-287. The staff supervising the plaintiff's review of the presentence investigation report shall ensure that the plaintiff only reads the report and does not copy the report during the viewing of the report.

**IT IS FURTHER ORDERED THAT** the plaintiff shall keep the information in the report confidential and not disclose that information to any other person. In the event the parties make any arguments drawn from

the presentence investigation report, they should make those arguments under seal.

**IT IS ALSO ORDERED THAT** in the event the defendants rely on the presentence investigation report in a future motion, the plaintiff may request an additional opportunity to review the report.

**IT IS FURTHER ORDERED THAT** the Clerk of Court shall mail a copy of this decision and a copy of the presentence investigation report (ECF No. 47) to the warden of the institution where the plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**