# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**CLARENCE M. EASTERLING,**

        Plaintiff,

    **-vs-**                   **Case No. 14-CV-1392**

**DEBRA ADAMS, et al.,**

        Defendants.

---

# DECISION AND ORDER

---

Clarence M. Easterling, a Wisconsin state prisoner, filed an action under 42 U.S.C. § 1983. This case is currently before the Court on the plaintiff's motion to compel (ECF No. 63) and motion for extension of time (ECF No. 62). Specifically, the plaintiff challenges the defendants' responses to Nos. 8, 10, 11, 17, 25, 26, and 28 of his interrogatories and second request for the production of documents. (ECF No. 63 at 2.) He also requests that, given a discovery deadline of January 19, 2016, the Court extend the time by which the defendants may respond to the plaintiff's requests. (ECF No. 62.) The plaintiff's motion to compel is now fully briefed, and the Court will address each discovery request in turn.

**Request Nos. 8 and 11**

In Request No. 8, the plaintiff asks for the job duties of Richard Raemisch "insofar as they pertain to his influence, authority over and/or

participation in the creation and/or implementation of SOT, [sex offender treatment], and SOTP . . . ." (ECF No. 64-1 at 3.) The plaintiff argues that, "Answering this Request will lead to relevant evidence as to whether completion of sex offender treatment ("SOT") is necessary before visitation is permitted . . . ." (ECF No. 68 at 2.) The plaintiff asks for similar information about Cindy O'Donnell in Request No. 11. There, the plaintiff argues that a response could lead to evidence showing what defendants Debra Adams and Tim Haines relied on when deciding that the plaintiff must complete SOT before being allowed to visit with his daughter.

The defendants object to the Requests on the basis that they are overly broad and seek irrelevant information. The defendants also note that, after the plaintiff made the request and filed his motion to compel, the Court dismissed Raemisch as a defendant and dismissed all claims against O'Donnell in her individual capacity.

While the Court agrees that policies about the necessity of completing SOT prior to visitations with minors may be relevant, the Court does not agree that a description of Raemisch's or O'Donnell's job duties will lead to that information. Knowing general job duties of these individuals may be relevant to whether they were personally involved in the creation or enforcement of such policies, but establishing such involvement is no longer relevant to the plaintiff's surviving claims. The plaintiff's claims against Raemisch are time-

- 2 -

barred and the Court has dismissed all claims against O'Donnell in her personal capacity. In other words, the information the plaintiff seeks with these requests may reveal that these individuals were involved in *something*, but it will not reveal what that *something* is. Because their personal involvement (i.e., whether they were involved in *something*) is no longer at issue in this case, the Court will not compel the defendants to respond to this request.

**Request No. 10**

Request No. 10 was directed to O'Donnell, who remains in this case only so that the plaintiff may pursue injunctive and declaratory relief. The plaintiff seeks information relating to her job duties as they pertain to the denial and granting of visitation requests. The plaintiff argues that this information is relevant to his requests for declaratory and injunctive relief. The Court agrees and orders the defendants to respond to this request.

**Request No. 17**

This request inquires whether the defendants' legal position is that his 2004 visitation request would have been approved had he completed the required SOT before making the request. (ECF No. 65 at 5.) The defendants objected on the grounds that the request seeks irrelevant information because it asks for a legal opinion tied to a hypothetical that did not and could not have occurred. (*Id*.) They also argue that anyone who had a role in the 2004 decision

- 3 -

has been dismissed as a defendant. (*Id*.)

The plaintiff argues that this is a proper contention interrogatory and the legal position it seeks is relevant because Haines and Adams relied on the 2004 decision when they denied the plaintiff's visitation request.

The basic premise of a contention interrogatory is to require a party to commit to a position and to give support for that position. *BASF Catalysts LLC v. Aristo, Inc.*, Case No. 07-cv-222, 2009 WL 187808, at *2 (N.D. Ind. Jan. 23, 2009) (citations omitted). In asking this interrogatory, it appears the plaintiff is trying to establish whether his failure to complete SOT was the only basis for the denial of his 2004 visitation request. Knowing whether there were other reasons for the denial is relevant to his claims and will help to define the boundaries of this dispute. The fact that the plaintiff's claims against the 2004 defendants is time barred does not relieve the defendants of their obligation to respond because, as the plaintiff highlights, Adams and Haines relied on that decision when they made their own decision to deny the plaintiff's visitation request. The Court orders the defendants to respond to this request.

- 4 -

**Request Nos. 25 and 26**

The plaintiff seeks the fiscal and administrative costs for monitoring televisits and phone calls with non-incarcerated persons. The plaintiff explains this information is relevant so that he can show that televisits are an easy alternative to contact visits. The defendants argue that the costs of the televisits are irrelevant because that is not the reason televisits have been denied. The defendants explain that televisits are not permitted because an inmate can have televisits only with persons on their approved visitors list. They state that "[t]he risks of verbally victimizing a person are nearly equivalent no matter whether the visit is in person or over a televisit. In either case harm could be done before the visit was shut down. Cost is not the issue." (ECF No. 65 at 6.)

The plaintiff points out, and the defendants acknowledge, that at no point during his incarceration has he been prohibited from talking to his daughter or any other minor over the phone. As such, the defendants' argument about "verbal" victimization rings hollow. The plaintiff has consistently argued that televisits are an acceptable alternative to the defendants' restriction on contact visits, and the costs associated with televisits are relevant to that argument. The Court orders the defendants to respond to these requests.

**Request No. 28**

The plaintiff has asked "who could have ordered [that he] be permitted to enroll in sex offender treatment in advance of his natural admittance into the program." (ECF No. 65 at 7.) The defendants have objected to this request on the basis that it is irrelevant because "he would not be given 'special treatment such that he could skip ahead of other inmates and participate in SOT in order to gain approval to see his daughter.'" (ECF No. 65 at 7.)

The plaintiff did not ask if he would be given approval; he asked only who, if anybody, has the authority to give such approval. The defendants have not established that this information is irrelevant to the plaintiff's claims. The Court orders the defendants to respond to this request.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to compel (ECF No. 63) is **DENIED** in part and **GRANTED** in part.

**IT IS ALSO ORDERED THAT** the plaintiff's motion requesting an extension of time for defendants to answer plaintiff's discovery requests (ECF No. 62) is **GRANTED**. Within **twenty-one days** of this order the defendants shall respond to Request numbers 10, 17, 25, 26, and 28.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2016.

BY THE COURT:

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 6 -